UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20127-CIV-MORENO

GLOBAL INNOVATION TECHNOLOGY HOLDINGS, LLC, et al.,

    Plaintiff,

vs.

ACER AMERICA CORP., et al.,

    Defendants.

_____/



CLOSED CIVIL CASE

## ORDER TRANSFERRING TO EASTERN DISTRICT OF TEXAS

THIS CASE (i.e., the "Florida Action") was referred to the Honorable William C. Turnoff, United States Magistrate Judge for all pretrial matters. That referral encompassed a Report and Recommendation on Defendant Asus Computer International's Motion to Transfer Venue to the Eastern District of Texas (**D.E. No. 87**), filed on **April 7, 2009**. Judge Turnoff filed a Report and Recommendation (**D.E. No. 170**) on **June 2, 2009**. IPAT, one of the two Plaintiffs here, had earlier filed in the Eastern District of Texas a suit alleging violation of the exact same patents implicated in this case, but against different defendants (i.e., the "Texas Action"). Prior to Judge Turnoff's Report and Recommendation, Magistrate Judge Everingham of the Eastern District of Texas had *sua sponte* recommended transfer of the Texas Action to this Court. Judge Turnoff therefore recommended that the Court deny the Motion to Transfer at this time. For the reasons set forth below, the Court AFFIRMS Judge Turnoff's finding of substantial overlap between the two cases, but VACATES his recommendation to deny the motion to transfer. Following both Fifth Circuit and Eleventh Circuit law, the Court hereby TRANSFERS this case to the Eastern District of Texas.

## BACKGROUND

This Case involves patent infringement allegations under 35 U.S.C. §1 *et seq.* The Plaintiffs, Global Innovation Technology Holdings, LLC ("Global") and Information Protection and Authentication of Texas, LLC ("IPAT"), filed a Complaint on January 16, 2009 against twelve defendant software manufacturers, alleging violation of United States Patent No. 5,311,591 ("'591 patents") and United States Patent No. 5,412,717 ("'717 patents"). One of those defendants, Asus Computer International, moved to transfer venue to the Eastern District of Texas, in view of the fact that on December 30, 2008, IPAT had filed in that court a patent infringement suit against twenty-one other software manufacturers, alleging infringement of the same two patents.

On April 24, 2009, Magistrate Judge Everingham *sua sponte* recommended transfer of the Texas Action to this Court. On June 9, 2009, Chief Judge Folsom of the Eastern District of Texas vacated Magistrate Judge Everingham's Report and Recommendation, declined to transfer the Texas Action, and found that this Court "should have an opportunity to decide the issue of likelihood of substantial overlap independent of any action of [the Eastern District of Texas] regarding venue." Order, *IPAT v Symantec Corp.*, United States District Court, Eastern District of Texas, 2:08CV484 at 4 (June 9, 2009). Moreover, Chief Judge Folsom noted that both the Fifth Circuit and Eleventh Circuit strongly favor the forum of the first-filed suit where two actions involve overlapping issues and parties. *Id.*, citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local*, 751 F.2d 721, 729 (5th Cir. 1985); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

## ANALYSIS

A district court may transfer any civil action to any other district court where it might have been originally filed, in view of the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. §1404(a). To obtain a transfer, a movant must show (1) the availability of an adequate alternative forum; (2) that public and private factors weigh in favor of transfer; and (3) that the plaintiff can reinstate the action in the alternative forum without undue inconvenience or prejudice. *Leon v. Miller Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001).

### A. Adequate Alternative Forum and Reinstatement of Plaintiff's Action

Judge Turnoff correctly found that Asus satisfied the first and third prongs of this test. The Eastern District of Texas is an adequate alternative forum. The Plaintiffs could have brought their federal patent claim against the twelve Defendants, all "national companies that conduct business in all states", in the Eastern District of Texas. Report and Recommendation at 5. Moreover, no undue inconvenience or prejudice would result from the Plaintiffs reinstating their case in that court.

### B. Public and Private Factors

Nevertheless, Judge Turnoff held that Asus had failed to adequately establish that public and private factors weigh in *favor* of transfer, because "in reality consolidation [could] just as easily take place in this court - if the Texas action is transferred here." *Id.* No doubt Judge Turnoff faced an awkward predicament: case law in both the Fifth Circuit and Eleventh Circuit favors the forum of the first-filed case (i.e., the Eastern District of Texas), but Magistrate Judge Everingham had *sua sponte* recommended transfer of the first-filed case to the forum of the second-filed case.[1]

---

[1] Had Judge Turnoff recommended transfer, this Court would have found itself in a strange posture: both this Court and a colleague in another district could have transferred respective related cases, one to the other and vice-versa, at any moment. Chief Judge Folsom

The first-filed presumption lands squarely within this Court's consideration of public and private factors. Those factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel*, 430 F.3d 1132, 1135, n.1.

Undoubtedly, if the Texas Action and the Florida Action involve overlapping issues and parties, then the first-filed presumption strongly indicates that trial efficiency and the interests of justice are best served by transferring this case to the Eastern District of Texas. Moreover, trial efficiency and the interests of justice especially favor consolidated litigation in patent cases. As Asus points out in its Objections, litigating patent infringement of the same patents in different venues could lead to conflicting claim constructions, with deleterious impact on fairness and judicial economy. Asus Objections at 6, *citing Interactive Music Technology, LLC v. Roland Corp.*, 2008 WL 245142 at *11 (E.D. Tex. Jan. 29, 2008).

Pursuant to the first-filed rule, the Court must determine whether the Texas Action and the Florida Action involve common parties and issues. Undoubtedly they do. IPAT filed the Texas

---

already had in holster a recommendation to transfer the Texas Action to this Court, while Judge Turnoff faced the prospect of arming this Court with a similar recommendation to transfer the Florida Action to Texas. Much like the Gunfight at the O.K. Corral, any unexpected move could have sparked an awkward tussle as law and order hung in the balance.

Fortunately, cooler heads prevailed before any such stare-down materialized. Magistrate Judge Turnoff wisely declined to outfit this Court with a competing recommendation to transfer. In turn, Chief Judge Folsom's June 9, 2009 Order vacated Magistrate Judge Everingham's recommendation to transfer, and acknowledged the Eastern District of Texas as the presumptive forum, should this Court determine sufficient overlap of issues and parties.

Action, and is one of only two Plaintiffs in this, the Florida Action. Both cases involve discrete allegations that defendants infringed the '591 patents and '717 patents. Moreover, although the two cases include different party defendants, a strong commonality unites them. As Asus pointed out in its initial Motion to Transfer Venue, "the defendants in this case are resellers of the technology developed by the defendants in the Texas Action." Motion to Transfer Venue at 7. Thus, the cases will involve overlapping witnesses, prior art relevant to patent validity, and especially overlapping claim construction issues. *Id.*

Given the overlap between the two cases and the first-filed presumption, the Plaintiffs face an especially daunting task to convince this court to deny Asus' Motion. In point of fact, an objecting party must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (citations omitted). Thus, in order to prevent transfer, the Plaintiffs must demonstrate for the Court that both public and private factors completely overwhelm the first-filed presumption in this patent infringement action. In short, Plaintiffs have failed that burden.

The Plaintiffs place the gravamen of their objection to litigation in Texas on the fact that Global and Addison Fischer (the inventor of the patent) are both Florida residents. This consideration simply cannot overcome the strong presumption of the first-filed rule. First, Mr. Fischer will almost assuredly be called as a witness in the Texas Action, which IPAT chose to file in Texas before filing this action. In addition, as Asus points out in its Reply, Mr. Addison controls IPAT, which he chose to incorporate and locate in Texas. Even if Global faced significant hardship litigating in Texas rather than Florida, the Court would have to balance that consideration against the fact that IPAT filed *both actions*, and chose Texas as the first forum for filing.

For these reasons, the Court concludes that the public and private factors strongly favor transfer. Significant overlap of parties and issues exists between the Texas Action and Florida Action, invoking the first-filed rule. Other public and private factors fail to overcome the presumption underlying this rule.

## CONCLUSION

The Court hereby TRANSFERS this case to the Eastern District of Texas, in view of the first-filed rule. Common issues and parties between the Florida Action and Texas Action indicate the wisdom of transfer and consolidation. The first-filed rule favors the Eastern District of Texas as the proper forum for that consolidated litigation. Moreover, all other pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 16 day of June, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge William C. Turnoff
Chief Judge David J. Folsom, United States District Court for the Eastern District of Texas
Counsel of Record